## E. T. CLARKE v. G. W. PARKER.

1. COSTS. *Trial of claimant's issue. Plaintiff partially successful. Section 1778, Code of 1880, applied. Section 2368, Code of 1880, considered.*

C. attached twenty bales of cotton as the property of M. P. claimed the property. On the trial of the claimant's issue the verdict of the jury awarded four thousand seven hundred and forty-five pounds of lint cotton to P., and the remainder to C., as the property of M. The trial judge assessed the costs against C., the plaintiff in execution. *Held*, that under ₰ 1778, Code of 1880, which provides that whenever a verdict shall be rendered on a claimant's issue for the plaintiff "the court shall pronounce judgment for the specific property if to be had, and if not, for its value as assessed by the jury and costs of suit," the plaintiff, having maintained his right to have part of the property subjected to his execution, was entitled to a judgment for costs. Section 2368, Code of 1880, which places the taxation of costs in the discretion of the judge, applies only to those cases where no provision for such taxation has been made by law "expressly or by fair implication."

2. CLAIMANT'S ISSUE. *Verdict not assessing value of property. Supreme court practice. Writ of inquiry.*

In the trial of a claimant's issue as to twenty bales of cotton seized in attachment, the jury awarded four thousand seven hundred and forty-five pounds of lint cotton and thirty-seven dollars to the claimant, and the remainder to the plaintiff. The jury failed to assess the value of the cotton. The court adjudged that the claimant be paid, according to the verdict of the jury, out of the proceeds of the cotton in controversy, and that the remainder thereof be paid to the plaintiff as being the money of the defendant in the attachment. The sheriff, in making his return upon the attachment, valued the cotton at so much per bale, and not by the pound. No writ of inquiry was asked in the court below. *Held*, that the verdict of the jury must stand, but the case must be remanded so that a writ of inquiry may be prosecuted and a proper judgment rendered on the verdict.

APPEAL from the Circuit Court of Yazoo County.

HON. T. J. WHARTON, Judge.

E. T. Clarke sued out an attachment against one B. F. McGee, and caused it to be levied on forty-four bales of cotton. G. W. Parker filed a claimant's affidavit as to twenty bales of this cotton. On the trial the jury found that the attachment was rightfully sued out. On the trial of the issue joined on the claim of Parker the jury rendered the following verdict: " We, the jury, find for the claimant, Parker, for his claim of rent, and fix the same at four thousand seven hundred and forty-five pounds of lint cotton, and for the sum of twenty-seven dollars and ninety-six cents on his account for advances." Whereupon the court adjudged that Parker have sufficient from the twenty bales of cotton to satisfy the above claim, so found by the jury, and that the remainder be paid over to Clarke, and that the costs of suit be charged against the plaintiff, Clarke. And to this judgment the plaintiff excepted. The jury, in their verdict, failed to assess the value of the cotton. The sheriff, in his return upon the writ of attachment, estimated the value of the cotton to be thirty-two dollars per bale, but made no estimate of its value per pound. No writ of inquiry was asked for in the court below. The plaintiff appealed.

*Bowman & Bowman* and *J. C. Prewett,* for the appellant.

Was the cotton, or a part of it, the property of McGee, and thus subject to the attachment? Clarke assumed the burden of proof, and proved, as was found by the jury, that four thousand one hundred and seventeen pounds of the cotton was McGee's, and subject to the attachment. The judgment should have been for Clarke, and the judgment should have carried his costs. If a party sues for one thousand dollars and recovers five hundred dollars, he is surely the successful party. If a party sues for twenty bales of cotton and receives ten, he is just as clearly the successful party. This is true in reason and on principle, and is in strict accordance with the language and the spirit of the statute. And hence we insist that the judgment below should be reversed.

*W. S. Epperson,* for the appellee.

The direction of the judgment in this case, that Clarke pay the

costs, was right, and was a matter in the discretion of the court which will not be inquired into.   Code 1880, §§ 2375, 2386.

It was the right of Clarke to accept the valuation put upon the property by the sheriff or have a writ of inquiry to assess the value, under § 1777 of Code of 1880, but he failed and declined to pursue that remedy, and we think he should not be now heard to complain.

COOPER, C. J., delivered the opinion of the court.

The plaintiff in execution, having maintained his right to subject to execution a part of the property claimed by the appellee, was entitled to a judgment for costs under § 1778 of the code.

By § 1777 the burden of proof is put upon him and he is declared entitled to the same rights as in other actions, one of which is to have an award of costs upon sustaining the issue as against his adversary occupying the position of a defendant.   The power conferred upon the trial judge to order the payment of costs by either party, in his discretion, by § 2386 of the code, arises only where no provision has been made by law "expressly or by fair implication."

The verdict of the jury, having settled the issue in favor of the plaintiff as to a part of the property seized and in favor of the claimant as to the other, will not be disturbed, but the jury failed to assess the value of the cotton seized, nor is there anything in the return of the officer by whom the levy was made indicating what the value per pound was; his valuation is of it at so much per bale. A writ of inquiry should have been prosecuted to determine how many pounds of cotton were contained in the bales and its value. This being found, there will be no difficulty in awarding a proper judgment on the verdict.

*The judgment entered is reversed, but the verdict of the jury is not disturbed, and the cause is remanded for further proceedings.*